```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )  2:09-cv-0111 JAM-GGH
                                       )
12           Plaintiff,                )  STIPULATION TO STAY
                                       )  FURTHER PROCEEDINGS AND
13       v.                            )  ORDER
                                       )
14  APPROXIMATELY $4,023.00 IN U.S.    )  DATE: N/A
    CURRENCY,                          )  TIME: N/A
15                                     )  COURTROOM: N/A
    APPROXIMATELY $1,280.00 IN U.S.    )
16  CURRENCY,                          )
                                       )
17  APPROXIMATELY $6,268.00 IN U.S.    )
    CURRENCY,                          )
18                                     )
    APPROXIMATELY $5,510.00 IN U.S.    )
19  CURRENCY, and                      )
                                       )
20  APPROXIMATELY 169 Boxes of         )
    SMOKELESS TOBACCO,                 )
21                                     )
             Defendants.               )
22  _____)

23       Plaintiff United States of America, and Claimants Phoenix Cash

24  & Carry LLC; George Bittar, and Ideal Tobacco Wholesale, Inc.,

25  (hereafter referred to collectively as "claimants"), by and through

26  their respective counsel, hereby stipulate that a stay is necessary

27  in the above-entitled action, and request that the Court enter an

28                                     1
```

order staying all further proceedings until September 4, 2009, pending the outcome of a related criminal investigation against Phoenix Cash & Carry LLC, Ideal Tobacco Wholesale, Inc., and George Bittar.

1. Each of the claimants has filed a claim to the defendant property, but have not yet filed their Answers and will not be required to do so until the stay contemplated by this stipulation expires.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). The plaintiff contends that George Bittar and others were involved in a scheme to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products. The plaintiff further contends that Bittar and others used the U.S. mail to execute the fraud scheme, and that the proceeds of the scheme are traceable to the seized tobacco products and to the bank accounts from which the defendant funds were seized. Plaintiff further contends that the defendant funds were involved in money laundering transactions. George Bittar denies these allegations.

3. To date no one has been charged with any criminal offense by state, local, or federal authorities, and it is the plaintiff's position that the statute of limitations has not expired on potential criminal charges relating to the fraud scheme. Nevertheless, the plaintiff intends to depose claimant Bittar regarding his claims, his ownership and/or management of Phoenix Cash & Carry LLC and Ideal Tobacco Wholesale, Inc., and his involvement in the sale of tobacco products into California. If

discovery proceeds at this time, claimant will be placed in the difficult position of either invoking his Fifth Amendment rights against self-incrimination and losing the ability to pursue his claims to the defendant property, or waiving his Fifth Amendment rights and submitting to a deposition and potentially incriminating himself. If he invokes his Fifth Amendment rights, the plaintiff will be deprived of the ability to explore the factual basis for the claims he filed with this court.

    4.  In addition, claimant intends to depose, among others, the agents involved with this investigation, including but not limited to the agents with the Bureau of Alcohol, Tobacco, Firearms & Explosives and the California Board of Equalization. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of the federal authorities to investigate the alleged underlying criminal conduct.

    5.  The parties recognize that proceeding with this action at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimants' ability to prove their claim to the property and asset any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed until September 4, 2009. At that time the parties will advise the Court of the status of the criminal investigation and whether an additional stay is necessary. The parties have submitted a similar stipulation in a two related cases [United States v. Real Property at 6525 South Bruce Street, Las Vegas, NV., 2:08-cv-02075 JAM-GGH] and United States v. $23,770.87 et al., 2:08-cv-02752 JAM-GGH] and stays have been entered in both

of those cases.

Dated: March 4, 2009          LAWRENCE G. BROWN
                              Acting United States Attorney

                         By   /s/ Kristin S. Door
                              KRISTIN S. DOOR
                              Assistant U.S. Attorney
                              Attorneys for Plaintiff
                              United States of America


Dated: March 5, 2009          MAYALL, HURLEY, KNUTSEN,
                              SMITY & GREEN

                         By   /s/ Jeffrey B. Setness
                              JEFFREY B. SETNESS
                              Attorneys for Phoenix Cash & Carry LLC,
                              Ideal Tobacco Wholesale, Inc.,
                              and George Bittar

                              (Original signatures retained
                              by plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until September 4, 2009. On or before September 4, 2009, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: March 5, 2009
                                        /s/ John A. Mendez
_____
                                        JOHN A. MENDEZ
                                        UNITED STATES DISTRICT JUDGE

4