```
BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>REAL PROPERTY LOCATED AT 6525 SOUTH BRUCE STREET, LAS VEGAS, NEVADA, CLARK COUNTY, APN: 177-02-510-005, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>       Defendant. | 2:08-CV-02075-JAM-GGH<br><br>**STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER**<br><br>DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $23,770.87 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0050 1112 8989, HELD IN THE NAME OF G&R EMPIRE, LLC,<br><br>APPROXIMATELY $6,741.29 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0050 1113 0692, HELD IN THE NAME OF PHOENIX CASH & CARRY, LLC, | 2:08-CV-2752 JAM-GGH |

```
 1  APPROXIMATELY $9,774.73 IN U.S.      )
    CURRENCY SEIZED FROM BANK OF         )
 2  AMERICA ACCOUNT NO. 0049 6875 8911,  )
    HELD IN THE NAME OF IDEAL TOBACCO,   )
 3  WHOLESALE, INC.,                     )
                                         )
 4  APPROXIMATELY $7,054.55 IN U.S.      )
    CURRENCY SEIZED FROM WELLS FARGO     )
 5  BANK ACCOUNT NO. 671-0134131, HELD   )
    IN THE NAME OF BITTAR FAMILY TRUST,  )
 6                                       )
    APPROXIMATELY $31,402.20 IN U.S.     )
 7  CURRENCY SEIZED FROM WELLS FARGO     )
    BANK ACCOUNT NO. 091-1704013, HELD   )
 8  IN THE NAME OF RAED MOURI AND        )
    LOUDY EGHO,                          )
 9                                       )
    APPROXIMATELY $29,095.02 IN U.S.     )
10  CURRENCY SEIZED FROM WELLS FARGO     )
    BANK ACCOUNT NO. 071-0335696, HELD   )
11  IN THE NAME OF BITTAR FAMILY TRUST,  )
                                         )
12  APPROXIMATELY 6,954 TOTAL BOXES OF   )
    ASSORTED SMOKEABLE OTP EVIDENCE      )
13  (CONTAINING APPROXIMATELY 431,447    )
    UNITS OF SMOKEABLE OTP) RECOVERED    )
14  FROM IDEAL TOBACCO WHOLESALE,        )
                                         )
15  APPROXIMATELY 22 TOTAL BOXES OF      )
    SMOKEABLE OTP EVIDENCE (CONTAINING   )
16  APPROXIMATELY 1,350 UNITS OF         )
    SMOKEABLE OTP) RECOVERED FROM THE    )
17  ABF DELIVERY TRUCK AT IDEAL          )
    TOBACCO WHOLESALE, AND               )
18                                       )
    APPROXIMATELY 87,595 UNITS OF        )
19  ASSORTED SMOKEABLE OTP EVIDENCE      )
    RECOVERED FROM PHOENIX CASH &        )
20  CARRY,                               )
                                         )
21            Defendants.                )
    _____)
22  UNITED STATES OF AMERICA,            )   2:09-CV-0111 JAM-GGH
                                         )
23            Plaintiff,                 )
                                         )
24       v.                              )
                                         )
25  APPROXIMATELY $4,023.00 IN U.S.      )
    CURRENCY,                            )
26                                       )
    APPROXIMATELY $1,280.00 IN U.S.      )
27  CURRENCY,                            )
                                         )
28  APPROXIMATELY $6,268.00 IN U.S.      )
```

```
 1  CURRENCY,                              )
                                           )
 2  APPROXIMATELY $5,510.00 IN U.S.        )
    CURRENCY, and                          )
 3                                         )
    APPROXIMATELY 169 Boxes of             )
 4  SMOKELESS TOBACCO,                     )
                                           )
 5              Defendants.                )
                                           )
 6  _____
```

     Plaintiff United States of America, and Claimants G&R Empire LLC; Phoenix Cash & Carry LLC; Raed "Roy" Mouri and Loudy Egho, as Trustees of the MGM Trust dated May 16, 2005; George Bittar and Wanda Bittar, as trustees of the Bittar Family Trust, dated December 23, 2003; George Bittar; Ideal Tobacco Wholesale, Inc. (hereafter referred to collectively as "claimants") and Centennial Bank, by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled actions, and request that the Court enter an order staying all further proceedings until June 3, 2011, except as otherwise set forth in this stipulation, due to an on-going criminal investigation against Phoenix Cash & Carry LLC, G&R Empire LLC, Ideal Tobacco Wholesale, Inc., Raed Mouri, and George Bittar.

    1.   Each of the claimants has filed a claim to the defendant property, but have not yet filed their Answers and will not be required to do so until the stay contemplated by this stipulation expires.  Centennial Bank has timely filed a claim to the defendant property and an Answer to the Verified Complaint for Forfeiture <u>In Rem</u>.

    2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  The plaintiff contends that Raed Mouri and George Bittar and others were involved in a scheme to defraud

the California Board of Equalization out of excise taxes due on the sale of tobacco products.  The plaintiff further contends that Mouri, Bittar, and others used the U.S. mail to execute the fraud scheme, and that the proceeds of the scheme are traceable to the seized tobacco products and to the bank accounts from which the defendant funds were seized.  Plaintiff further contends that the defendant funds were involved in money laundering transactions. Raed Mouri and George Bittar deny these allegations.

     3.   To date no one has been charged with any criminal offense by state, local, or federal authorities, and it is the plaintiff's position that the statute of limitations has not expired on potential criminal charges relating to the fraud scheme. Nevertheless, the plaintiff intends to depose claimants Raed and Mouri regarding their claims, their ownership and/or management of Phoenix Cash & Carry LLC, G&R Empire LLC, Ideal Tobacco Wholesale, Inc., and their involvement in the sale of tobacco products into California.  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant property, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the plaintiff will be deprived of the ability to explore the factual basis for the claims they filed with this court.

     4.   In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to the agents with the Bureau of Alcohol, Tobacco, Firearms

 1 & Explosives and the California Board of Equalization.  Allowing
 2 depositions of the law enforcement officers at this time would
 3 adversely affect the ability of the federal authorities to
 4 investigate the alleged underlying criminal conduct.
 5     5.   The parties recognize that proceeding with these actions
 6 at this time has potential adverse effects on the investigation of
 7 the underlying criminal conduct and/or upon the claimants' ability
 8 to prove their claim to the property and to assert any defenses to
 9 forfeiture.  For these reasons, the parties jointly request that
10 these matters be stayed until June 3, 2011, in accordance with the
11 terms of this stipulation.  At that time the parties will advise
12 the court of the status of the criminal investigation, if any, and
13 will advise the court whether a further stay is necessary.
14     6.   Claimants failed to make the May and June 2010 payments
15 to Centennial Bank, and all payments due thereafter, under the
16 promissory note dated September 24, 2007, in the original principal
17 amount of $2,225,000.00, and secured by the deed of trust recorded
18 in Clark County, Nevada, on September 27, 2007, encumbering the
19 defendant property.  By entering into this stipulation neither
20 Centennial Bank nor the plaintiff waives its rights to move for an
21 interlocutory sale of the defendant property, or to move for
22 authorization to allow Centennial Bank to proceed with enforcement
23 of all of its rights and remedies under its deed of trust,
24 including, without limitation, proceeding with foreclosure of its
25 deed of trust and proceeding with Centennial Bank's Motion for (1)
26 Order Releasing Property From Civil Forfeiture Action or
27 Authorizing Interlocutory Sale, and (2) Order Expunging Lis
28 Pendens, which motion is currently pending before the Court or to

5                    Stipulation to Stay Further
                           Proceedings and Order [Proposed]

move for dismissal with prejudice and to seek a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

Dated: 1/5/11                    BENJAMIN B. WAGNER
                                 United States Attorney

                            By   /s/ Kelli L. Taylor
                                 KELLI L. TAYLOR
                                 Assistant U.S. Attorney

Dated: 1/6/11
                                 /s/ Jeffrey B. Setness
                                 JEFFREY B. SETNESS
                                 Mayall, Hurley, Knutsen,
                                 Smith & Green
                                 Attorneys for G&R Empire LLC; Phoenix Cash & Carry LLC; Raed "Roy" Mouri and Loudy Egho, as Trustees of the MGM Trust dated May 16, 2005; George Bittar and Wanda Bittar, as trustees of the Bittar Family Trust, dated December 23, 2003; George Bittar; and Ideal Tobacco Wholesale, Inc.
                                 (As authorized on 1/6/11)

Dated: 1/06/11                   /s/ Kenneth Miller
                                 KENNETH MILLER
                                 Ervin Cohen & Jessup, LLP
                                 Attorneys for claimant
                                 Centennial Bank
                                 (Original signature retained by attorney)

**ORDER**

   For the reasons set forth above, these matters is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until June 3, 2011, in accordance with the terms of this stipulation. On or before June 3, 2011, the parties will advise the court whether a further stay is necessary.

   IT IS SO ORDERED.

Dated: 1/7/2011                  /s/ John A. Mendez
                                 JOHN A. MENDEZ
                                 United States District Judge