BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-CV-02752-JAM-CKD |
| Plaintiff, | STIPULATION FOR EXTENSION OF STAY OF FURTHER PROCEEDINGS AND ORDER |
| v. | |
| APPROXIMATELY $23,770.87 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 0050 1112 8989, HELD IN THE NAME OF G&R EMPIRE, LLC, et al., | DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |
| Defendants, | |
| UNITED STATES OF AMERICA, | 2:09-CV-00111-JAM-CKD |
| Plaintiff, | |
| v. | |
| APPROXIMATELY $4,023.00 IN U.S. CURRENCY, et al., | |
| Defendants, | |

The United States and Claimants G&R Empire LLC; Phoenix Cash & Carry LLC; Raed "Roy" Mouri and Loudy Egho; George Bittar, as trustee of the Bittar Family Trust,

1

dated December 23, 2003; George Bittar; and Ideal Tobacco Wholesale, Inc. (hereafter referred to collectively as "claimants"), by and through their respective counsel, hereby submit the following Stipulation for Extension of Stay of Further Proceedings and Proposed Order.  The parties seek to stay the above civil cases until the resolution of the parallel criminal matter, <u>United States v. Read Mouri, et al.</u>, Case No. 2:13-CR-00261-JAM.

This matter was previously stayed on January 8, 2009, May 20, 2009, September 10, 2009, March 5, 2010, July 2, 2010, January 7, 2011, May 25, 2011, November 30, 2011, March 1, 2012, May 25, 2012, September 6, 2012, December 6, 2012, March 6, 2013, and May 31, 2013 based on the on-going criminal investigation against Phoenix Cash & Carry LLC, G&R Empire LLC, Ideal Tobacco Wholesale, Inc., Raed Mouri, and George Bittar. The parties state as follows to support a further stay in the case:

1. Each of the claimants has filed a claim to the defendant property, but have not yet filed their Answers and will not be required to do so until the stay contemplated by this stipulation expires.

2. A further stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). The United States contends that Raed Mouri and George Bittar and others were involved in a scheme to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products.  The United States further contends that Mouri, Bittar, and others used the U.S. mail to execute the fraud scheme, and that the proceeds of the scheme are traceable to the seized tobacco products and to the bank accounts from which the defendant funds were seized.  The United States further contends that the defendant funds were involved in money laundering transactions.  Raed Mouri and George Bittar deny these allegations.

3. Based on the above, the United States charged, by a criminal information, Raed Mouri and George Bittar with trafficking in contraband tobacco in violation of 18 U.S.C. § 2342, Case No. 2:13-CR-00261-JAM.  If civil discovery proceeds at this time in the above forfeiture cases, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue

1  their claims to the defendant property, or waiving their Fifth Amendment rights and
2  submitting to a deposition and potentially incriminating themselves.  If they invoke their
3  Fifth Amendment rights, the United States will be deprived of the ability to explore the
4  factual basis for the claims they filed with this court.

5      4.    In addition, claimants intend to depose, among others, the agents involved
6  with this investigation, including but not limited to the agents with the Bureau of Alcohol,
7  Tobacco, Firearms & Explosives and the California Board of Equalization.  Allowing
8  depositions of the law enforcement officers at this time would adversely affect the ability of
9  the federal authorities to prosecute the charged criminal conduct.

10     5.    The parties recognize that proceeding with these actions at this time has
11 potential adverse effects on the prosecution of the related criminal case and on the
12 claimants' ability to prove their claim to the property and to assert any defenses to
13 forfeiture.  For these reasons, the parties jointly request that these matters be stayed until
14 the resolution of the parallel criminal case, in accordance with the terms of this stipulation.
15 Within thirty days of resolution of the criminal case, the parties will advise the court of the
16 status of the criminal investigation and file a joint status report, if appropriate.

17 Dated: 8/30/13    BENJAMIN B. WAGNER
                    United States Attorney
18
                    By: /s/ Kevin C. Khasigian
19                  KEVIN C. KHASIGIAN
                    Assistant U.S. Attorney
20

21
22 Dated: 8/30/13    /s/ Jeffrey B. Setness
                    JEFFREY B. SETNESS
23                  Attorney for G&R Empire LLC; Phoenix Cash &
                    Carry LLC; Raed "Roy" Mouri and Loudy Egho;
24                  George Bittar, as trustees of the Bittar Family
                    Trust, dated December 23, 2003; George
25                  Bittar; and Ideal Tobacco Wholesale, Inc.

                    (Authorized by email)
26

27

28

**ORDER**

For the reasons set forth above, these matters are stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the resolution of the parallel criminal case, <u>United States v. Read Mouri, et al.</u>, Case No. 2:13-CR-00261-JAM.  Within thirty days of resolution of the criminal case, the parties will file a joint status report, if appropriate

**IT IS SO ORDERED**.

Dated: 8/30/2013                                   /s/ John A. Mendez
                                                                JOHN A. MENDEZ
                                                                United States District Court Judge